IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARGARET WINSTON,

      Plaintiff,

      v.

HOME DEPOT U.S.A., INC.,

      Defendant.

**<u>COMPLAINT</u>**

**JURY TRIAL DEMANDED**

Plaintiff Margaret Winston ("Plaintiff" or "Ms. Winston") states her complaint against the above-named Defendant as follows:

1.

This is an action for sex and race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and 42 U.S.C. § 1981.

**JURISDICTION AND VENUE**

2.

This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1337 and 42 U.S.C. § 2000e-5.

3.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the violations of Plaintiff's rights alleged herein were committed in this division of this judicial district.

**PARTIES**

4.

At all times relevant to this action, Ms. Winston was an employee of Defendant. She submits herself to the jurisdiction of this Court.

5.

Defendant Home Depot U.S.A., Inc. ("Home Depot") is a Delaware corporation and is subject to the jurisdiction of this Court. Defendant may be served with a copy of the summons and complaint by personal service upon its registered agent, CSC of Cobb County, Inc., at 2455 Paces Ferry Road, Atlanta, Georgia 30339.

**STATEMENT OF FACTS**

6.

Ms. Winston was employed by Home Depot as the director of Home Depot's online call center in Kennesaw, Georgia. Ms. Winston is African-American.

7.

On July 8, 2013, Ms. Winston attended a meeting during which an employee of the call center was terminated.  The terminated employee became unruly and began shouting obscenities, which could be heard by customers over the telephone. Ms. Winston asked the employee to leave the building, but the employee refused. The employee threatened to physically harm both Ms. Winston and the security guard who was assisting Ms. Winston.  The employee also threatened to kill Ms. Winston and members of her family.  After a lengthy and tense encounter, Ms. Winston and the security guard were eventually able to direct the employee out of the building and off company property.

8.

Shortly after July 8, 2013, Home Depot began investigating Ms. Winston's handling of the unruly employee.

9.

Home Depot terminated Ms. Winston on July 19, 2013, allegedly because her actions during the incident on July 8, 2013 violated Home Depot's code of conduct.

10.

Home Depot disciplined Ms. Winston far more harshly than other white and male employees who engaged in conduct far worse than that allegedly engaged in by Ms. Winston.

11.

For example, Stephen Robinson, a white male, was involved in a heated, profanity-laced verbal altercation with another employee during a company meeting.  Other employees were forced to intervene to prevent the incident from escalating into physical violence.  Mr. Robinson was not disciplined at all for his involvement in this incident.

12.

Another example is Paige Turner, a white female, who repeatedly swore at and threatened members of her team and management.  Despite the egregious nature of Ms. Turner's behavior, she received no discipline at all.

13.

Ms. Winston believes the discovery process will reveal many additional examples of favorable treatment afforded white and male employees of Home Depot.

## ADMINISTRATIVE PROCEDURES

### 14.

Ms. Winston filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on September 3, 2013.

### 15.

The EEOC issued Ms. Winston a Notice of Suit Rights on June 3, 2014.

### 16.

All conditions precedent to the filing of this complaint have been satisfied.

## COUNT ONE

### Race Discrimination in Violation of Title VII and 42 U.S.C. § 1981

### 17.

Plaintiff incorporates the paragraphs above by reference.

### 18.

Title VII and 42 U.S.C. § 1981 prohibit discrimination in the terms of employment based upon an individual's race.

### 19.

As described above, Home Depot disciplined Ms. Winston far more harshly than similarly-situated white employees who engaged in conduct that is objectively more severe than the conduct allegedly exhibited by Ms. Winston.

20.

As evidenced by this significant disparate treatment, Home Depot terminated Ms. Winton's employment due to her race, in violation of Title VII and 42 U.S.C. § 1981.

21.

Home Depot's actions have caused Ms. Winston to suffer both monetary and non-monetary damages, as well as emotional pain and suffering.

## COUNT TWO

### Sex Discrimination in Violation of Title VII

22.

Plaintiff incorporates the paragraphs above by reference.

23.

Title VII prohibits discrimination in the terms of employment based upon an individual's sex.

24.

As described above, Home Depot disciplined Ms. Winston far more harshly than similarly-situated male employees who engaged in conduct that is objectively more severe than the conduct allegedly exhibited by Ms. Winston.

25.

As evidenced by this significant disparate treatment, Home Depot terminated Ms. Winton's employment due to her sex, in violation of Title VII.

26.

Home Depot's actions have caused Ms. Winston to suffer both monetary and non-monetary damages, as well as emotional pain and suffering.

## **REQUEST FOR RELIEF**

Plaintiff respectfully requests this Court:

i.     Issue a declaratory judgment that Defendant's acts, policies, practices, and procedures complained of herein violated Plaintiff's rights as secured by Title VII and 42 U.S.C. § 1981;

ii.    Grant Plaintiff injunctive relief requiring Defendant to reinstate Plaintiff to her position, with no interruption in service, including credit for years of service, pension, etc.;

iii.   Order Defendant to make Plaintiff whole by providing for her back pay and other benefits and expenses in an amount to be proven at trial;

iv.    If reinstatement is not feasible under the circumstances, grant Plaintiff three years of front pay;

v.     Grant Plaintiff compensatory damages in an amount reasonable and

commensurate with the losses imposed upon her by Defendant's unlawful and discriminatory acts, including her pain and emotional distress;

vi.     Grant Plaintiff punitive damages against Defendant in an amount reasonable and commensurate with the harm done and calculated to be sufficient to deter such conduct in the future;

vii.    Grant Plaintiff pre-judgment interest;

viii.   Grant Plaintiff special damages for all out-of-pocket costs and expenses that she would not have incurred but for Defendant's unlawful conduct;

ix.     Grant Plaintiff her costs in this action and a reasonable attorneys' fee as provided by law; and

x.      Grant such additional relief as this Court deems proper and just.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands a trial by jury for all issues so triable.

Respectfully submitted on September 1, 2014.

*s/ Regan Keebaugh*
Regan Keebaugh
Georgia Bar No. 535500
regan@decaturlegal.com
*Counsel for Plaintiff*

Radford & Keebaugh, LLC
545 N. McDonough St., Suite 212
Decatur, GA 30030
(404) 333-8108 Telephone
(404) 937-6299 Facsimile